IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEANNA FARR                                                                                           PLAINTIFF

V.                                                                         CIVIL ACTION NO.1:16-CV-42-SA-DAS

GSV CARE MEDICAL CLINIC, LLC, and
MANDA S. GRIFFIN                                                                                   DEFENDANTS

ORDER

In March of 2016, Deanna Farr filed this action to recover overtime wages and other damages from her former employer under the Fair Labor Standards Act. The Defendants were served with a summons and complaint on March 21, 2016. The Defendants never filed an answer or made an appearance in the case. After the Clerk of Court issued three Notices of Past Due Answer [7, 8, 9], the Plaintiff filed a Motion for Entry of Default [12]. The Clerk entered a default against the Defendants on July 19, 2016, more than four months after the Defendants were served with the Complaint. The Plaintiff subsequently requested a default judgment for sum certain, $3,589.39 plus interest, which the Clerk entered on July 29, 2016. *See* [14, 16]. Shortly after the entry of the Default Judgment, the Plaintiff's attorney withdrew leaving the Plaintiff *pro se*. Nearly three months after the Default Judgment, the Defendants filed the pending Motion to Set Aside the Default [21] and entered an appearance. The record reflects that the Motion to Set Aside was served on the *pro se* Plaintiff by mail, however she did not respond.

In support of their motion, the Defendants argue that the attorney they engaged to defend this suit assured them that he was defending the matter and negotiating on their behalf to resolve the issues. The Defendants further argue that despite his assurances to the contrary their counsel was not permitted to practice law in this Court, never filed any responsive pleadings, and misrepresented facts to them regarding settlement negotiations. In support of their motion, the

Defendants submitted email correspondence between their attorney and the Plaintiff's attorney. This correspondence reflects numerous attempts by Plaintiff's counsel to apprise the Defendants of the posture and progression of the case and to resolve the Parties' dispute.

The Defendants argue that they were misled by their previous counsel which constitutes good cause for setting aside the default. The Defendants also argue that the Fair Labor Standards Act does not apply to them, which if proven, would likely be dispositive to the Plaintiff's claims. Now represented by new counsel, the Defendants request that the Court set aside the default judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) states in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [. . .] (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

The Fifth Circuit has explained that there is "a policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Rogers v. Hartford Life & Accident Ins. Co.*,167 F.3d 933, 936 (5th Cir. 1999). "This policy, however, is counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Id.* (internal quotation marks and citations omitted). "In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1) we examine the following factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Matter of Dierschke*, 975 F.2d 181, 183

(5th Cir. 1992); *accord In re Chinese–Manufactured Drywall Prods.*, 742 F.3d at 594). When, as in this case, the Defendants' neglect is at least a partial cause of their failure to respond, "the defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Id*.

The Defendants' argument to overturn the default judgment in this case fails on a simple lack of evidence. Although the Defendants argue that they were misled by their previous counsel, they have not presented any evidence, by way of affidavit or otherwise. The same lack of evidence plagues the Defendants' argument that the FLSA does not apply to them. The only evidence submitted by Defendants is the emails between Plaintiff and Defense counsel. Although these emails do not conflict with the Defendants arguments, they do not support them factually either. These emails merely show that the Plaintiff's counsel corresponded with the Defendant's counsel and made repeated attempts to inform the Defendants of the progression of the case and to resolve the issues. The emails have no information about the Defendants' communications with their counsel, or the applicability of the FLSA. In short, the Defendants have not brought forth any evidence that their neglect was excusable or that any defense they may have is meritorious. In addition, the Court notes that now that the Plaintiff is proceeding *pro se*, it is likely that setting aside the default judgment will prejudice her ability to prosecute her case.

Because the Defendants failed to carry their burden of establishing both that their neglect was excusable, and that they have a meritorious defense to the Plaintiff's claims, their Motion to Set Aside [21] the Default Judgment is DENIED without prejudice to refiling of the same.

SO ORDERED on this the 7th day of July, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE